IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AVID BOOKSHOP LLC, a business in the State of Georgia<br><br>*Plaintiff,*<br><br>v.<br><br>KEYBO TAYLOR, the Sheriff of Gwinnett County, Georgia, and BENJAMIN HAYNES, Jail Commander of the Gwinnett County Jail, in their official and individual capacities.<br><br>*Defendants.* | CIVIL ACTION FILE NO.<br>1:24-cv-1135-MHC |

**DEFENDANTS' MOTION TO STAY THE PROCEEDINGS AND BRIEF IN SUPPORT THEREOF**

Defendants Keybo Taylor and Benjamin Haynes move to stay the proceedings, including all disclosure and planning conferences set forth in Fed. R. Civ. P. 16 and 26, pending adjudication of their motion to dismiss now pending before this Court. In support of this motion, Defendants show this Court the following.

## BACKGROUND

Defendants have moved to dismissof all of Plaintiff Avid Bookshop, LLC's claims. Doc. 11. Specifically, Avid's claims against the defendants are

1

barred by qualified immunity, and otherwise fail to state any claim. See Doc. 11-1. A ruling in Defendants' favor would resolve the entire case against them, thus making discovery unnecessary. In order to avoid the potentially unnecessary costs and burdens of litigation, Defendants ask that discovery, including all disclosures and planning conferences required under Fed. R. Civ. P. 16 and 26, be stayed pending a ruling on Defendants' motion to dismiss.

## ARGUMENT

Qualified immunity "seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." *Caraballo-Sandoval v. R.E. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) (affirming stay of discovery until district court decided the issue of qualified immunity). The Supreme Court has explained that the purpose of qualified immunity is not only protection from civil damages, but also to protect defendants from the rigors of litigation itself, including discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). "[O]ne of the purposes of the Harlow qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'" *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (quoting *Harlow*, 457 U.S. at 817). The Supreme Court reiterated its adherence to this principle in *Ashcroft v. Iqbal*, stating that "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including

2

'avoidance of disruptive discovery.'" 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilly*, 500 U.S. 226, 236 (1991)).

In this case, Defendants have established that, for the claims against them in their individual capacity, they are entitled to qualified immunity on both prongs: Avid failed to allege (1) a constitutional violation that (2) was clearly established. *See* Doc. 11-1. Defendants have also argued that the Supreme Court has held that reasonable jail restrictions, such as the policy implemented by the Defendants here, are constitutional. *Id*. Accordingly, a stay of the proceedings is warranted.

Federal Rule 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d); s*ee also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (district court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). The Court should stay all discovery in the interests of efficiency and justice through its powers under Fed. R. Civ. P. 26 and issue a stay relieving Defendants from having to exert any additional resources pending a ruling on their motion to dismiss. *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding "facial challenges to the legal sufficiency of the claim

3

or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins"). Indeed, it is customary for district courts to stay all party obligations, including the Rule 26(f) conference, joint preliminary report and discovery plan, and initial disclosures pending ruling on a motion to dismiss. *See, e.g., O'Neill v. NYU Langone Medical Center*, 2022 WL 18779524, *2 (N.D. Ga. 2022) (staying Rule 26(f) conference, joint preliminary report and discovery plan, and exchange of initial disclosures pending ruling on motion to dismiss); *Sherwood v. Horizon Actuarial Services, LLC*, 2022 WL 18460459, *2 (N.D. Ga. 2022) (staying all discovery-related proceeding, including initial disclosure and joint preliminary report and discovery plan obligations, pending ruling on motion to dismiss).

In sum, Defendants have moved for dismissal of all claims against them, and an order staying the proceedings will protect them from the burden of responding to potentially unnecessary discovery should the motion be granted.

## CONCLUSION

For the foregoing reasons, Defendants request the Court stay the proceedings, including all disclosures and planning conferences, in this matter until Defendants' motion to dismiss is adjudicated.

Respectfully submitted this 8th day of July, 2024.

## **LOCAL RULE 7.1D CERTIFICATE**

This submission was prepared using Century Schoolbook 13-point font with exact double spacing.

## **CERTIFICATE OF SERVICE**

The above document was served through the Court's CM/ECF system, which will send electronic service to all parties of record.

|  | **HALL BOOTH SMITH, PC** |
|---|---|
|  | */s/ R. David Ware* |
|  | R. DAVID WARE |
|  | Georgia Bar No. 737756 |
| 191 Peachtree Street, NE, | RUSSELL A. BRITT |
| Suite 2900 | Georgia Bar No. 473664 |
| Atlanta, Georgia 30303 | PEARSON K. CUNNINGHAM |
| (404) 954-5000 | Georgia Bar No. 391024 |
| dware@hallboothsmith.com | M. BLAKE WALKER |
| rbritt@hallboothsmith.com | Georgia Bar No. 993236 |
| pcunningham@hallboothsmith.com | *Attorneys for Defendants* |
| bwalker@hallboothsmith.com |  |